J AMES H. W ATSON *et al.*, Appellants, *v.* D ANIEL H. G RAY, Respondent.

E VIDENCE. J URY. C HARGE TO JURY. E RROR. Q UESTION OF FACT. R AT-
IFICATION OF ACTS OF AGENT IN EXCESS OF HIS AUTHORITY. A GREE-
MENT, PAROL, ETC. W AIVER.

It would be error for the court to charge in accordance with a request which
assumes as correct either of two aspects of the case as presented by con-
flicting testimony. Which aspect is the true one, is, in such case, properly
a question for the jury, and their judgment should not be forestalled by
an assumption that will exclude wholly from their consideration one
aspect, which there is evidence to favor.

Where the evidence concerning the authority given by the defendant to
purchase lumber upon his credit, is so far conflicting that a jury might,
without violence to the testimony, find either way ; and afterward evidence,
also conflicting, is given upon the question of the subsequent ratification
of the purchase on part of the defendant, — it would be manifest error to
charge, that, if the defendant was not liable at the time of the delivery
of the lumber, he was not liable afterward, as this would be taking from
the jury their proper office to pass upon the weight of evidence concern-
ing the fact of ratification.

A party is not liable upon his verbal promise to accept and pay an order
drawn upon him by another in favor of a third party for the debt of such
other party ; and such third party can maintain no action against him for
his refusal to fulfill such promise ; but where he authorized such other
party to purchase lumber upon his credit — thus making him his agent —
and promised to pay for the lumber upon being presented with the order
of said agent for the price thereof, he is liable ; for he makes the debt his
own by authorizing it to be contracted upon his credit.

The incident of an order from his agent is one that he may waive, and the
question, whether, by subsequent words or acts, he did waive the pre-
sentation of an order, is one of fact to be submitted to the jury.

T HIS was an action for the price of a quantity of lumber
alleged to have been sold and delivered by the plaintiffs to
the defendant, and used in altering and rebuilding a house
belonging to the latter. One Matthews had contracted with
the defendant to do the work and furnish all the materials
for a stipulated sum, but finding himself without means or
credit to obtain the lumber necessary, he applied to the
defendant to assist him. Matthews testified, in substance,
that the defendant told him to go to any lumber yard and

V OL. IV. 49

buy the lumber for him, have it sent to his address, which he gave him on a slip of paper, and he would pay for it, and charge Matthews with the amount on his contract. On his cross-examination, and in answer to the direct question, Matthews testified, that the defendant told him to go to any lumber yard, get the lumber, and give them an order on him, the defendant, and he would pay for it and deduct the amount from the contract, and the defendant, a witness in his own behalf, testified, that the latter statement contained the only authority Matthews ever had from him in reference to the purchase of lumber. Matthews bought the lumber in suit from the plaintiffs, in the defendant's name, without giving them an order on him, but, as he says, handing them the slip of paper containing the defendant's address. The lumber was delivered by the plaintiffs on the defendant's premises, and a bill of it was presented to the defendant. There was evidence of two witnesses on the part of the plaintiffs to the effect, that, at the time of the delivery, and subsequently, the defendant promised to pay the bill, without asking for an order from Matthews. The defendant testified, on the contrary, that he refused to have any thing to do with the bill, and declared that it was for Matthews to pay. At the close of the plaintiffs' evidence, the defendant moved for a nonsuit, which was denied, and the defendant excepted. At the close of the case, the defendant requested the court to charge the jury, that, if the defendant was not liable to the plaintiffs when the lumber was delivered, he was not liable in this action; also, that the fact, that the defendant did not insist upon an order at the time the plaintiffs' bill was presented, was no waiver of his right to have it; both of which requests were refused, and to both of such refusals the defendant excepted. The jury found a verdict for the plaintiffs for the amount of their bill; judgment was entered thereon, which, upon appeal, was reversed at the General Term, and a new trial ordered. From such judgment of reversal and order for new trial, the plaintiffs appeal to this court, giving the usual stipulation for judgment absolute in case of affirmance.

*Edward J. Maxwell*, for the appellant.

I. It is clear from the testimony of Matthews that he had authority to go and get lumber and give an order on Gray for payment.

If, therefore, Matthews had given such an order on Gray, and that order had been presented to him, he would undoubtedly have been bound.

But his subsequent silence when the lumber and bill were delivered to him as to the necessity for such an order, together with the fact of his positive promise to pay, notwithstanding its absence, was a distinct waver of the presentation of the order first required.

These acts of the defendant were such as to relate back and give character to the original instructions to Matthews, in effect blotting out therefrom every thing relating to such an order and making the agency general, for it in effect approved of all that the agent had done in his name.

The case of *Perkins* v. *Washington Insurance Co.*, reported in 4 Cowen, 645, is in point. In that case the court say : " The question is not what authority the agent had in point of fact, but what powers third parties had a right to suppose he had judging from his acts and the acts of the principal."

1. But even admitting that Matthews had no authority from defendant to get the lumber, it is clearly shown that the acts of Matthews had been subsequently ratified by defendant, with a full knowledge of the facts ; and this was equal to a prior authority. (12 Mass. 60 ; 7 Am. Law Reg. 458 ; 1 Cow. Treat. 79 ; 2 Greenl. Ev. 57 ; 17 Mass. 103 ; Story on Agency, 253 ; 2 Kent Com. 615 ; 12 Johns. 300 ; 3 Doug. 410 ; 12 Wend. 413 ; 4 Mass. 296 ; *Brower* v. *Lewis*, 17 Barb.)

2. The defendant was bound to disavow the acts of Matthews as soon as they came to his knowledge. (12 Johns. 300 ; 1 Pars. on Cont. 46 N. Y. Com. P. 1866 ; 17 Barb. 20 ; id. 493 ; 32 id. 610.)

II. The judge correctly charged the jury that if an order had been given in writing by Matthews, the plaintiffs could

have recovered or maintained an action against Gray if he had refused to pay it.

1. Gray, as shown by his own testimony and that of Matthews, had promised to pay such an order.

2. This promise, being an original undertaking, was binding upon him. (5 Wend. 23, 25; id. 243; 17 Johns. 114; 2 E. D. Smith, 411; id. 681; 1 Bosw. 441; 21 N. Y. 315, reversing 29 Barb. 486; 2 Hill, 474.)

The case of *Phillips* v. *Gray*, reported in 3 E. D. Smith, 89, is precisely similar. In that case G., being indebted to P., at C.'s request, orally promised, that if P. would deliver certain lumber to C., and procure C.'s order to serve as a voucher, he would pay the debt to P., and the court held it binding.

III. The judge also properly refused to charge, " that, the fact that Gray did not tell plaintiffs' agent, when the bill was presented, to get an order from Matthews, is not a waiver of his right to have it."

The judge was right in leaving the jury to determine this question from all the facts in the case. He could not have charged either way, as matter of law. It was for the jury to determine whether his acts were of such a nature, or his silence such as to lead plaintiffs to suppose that he intended to waive such rights.

As a question of fact, there could be no doubt as to his intention. He knew that the plaintiffs trusted entirely to him, and that they knew nothing whatever about an order being required. Duty compelled him to reveal the necessity for such order before they parted with their lumber, and his silence in not insisting upon it, must be construed to be a waiver of the presentation of such order. (16 Barb. 486; 3 Hill, 215; 7 Barb. 407; 15 Wend. 502; 10 Barb. 406; 4 Seld. 182.)

The doctrine of estoppel applies here. (30 N. Y. 226; 25 Barb. 126; E. D. Smith, 30; 5 Johns. 375.)

IV. The judge was correct in refusing to charge the jury, that there was no sufficient evidence in the case, that any other authority was given Matthews to purchase lumber for

Gray than that contained in the following sentence: "Go to any lumber yard and get lumber, and give them an order on me, and I will pay in and deduct it from the contract."

The judge did charge the jury that this was the only previous authority, but properly left it to them to determine whether there were subsequent acts which might give color or force to this prior authority, or which were equal to such a prior authority, as would render him liable.

It was, in effect, charging that a subsequent ratification of Matthews' acts were co-equal with a prior authority. This was right. (12 Mass. 60; 7 Am. Review, 458.)

V. The refusal to charge that there is no sufficient evidence that the defendant, with knowledge of what Matthews had done, in getting lumber in question, ratified the acts of Matthews, was also correct.

1. This was a question of fact for the jury. The judge expressed no opinion on this point. He had charged them as to what acts would constitute a ratification, and it was for them to determine whether or not there were such acts, and whether there was such a subsequent ratification, depended to a considerable extent on the prior acts of defendant in constituting the agency, as well as upon the fact that sole credit had been given to him, and it was improper to submit the question separately, as stated.

2. But there was in reality such a subsequent ratification, and such as would have been sufficient to make defendant liable apart from any prior authority whatever.

VI. The judge was correct in refusing to charge, "that if defendant was not liable to plaintiffs when the lumber was delivered, he is not liable in this action."

As the court remarked, the defendant might have become liable by the subsequent position taken by him and by his subsequent acts. Such position and acts considered in connection with his former directions to the agent, might have constituted the agency general, although the prior authority and the acts of the agent up to the time the lumber was delivered might not alone have rendered him liable.

The judge properly left it to the jury to determine whether there had been such subsequent acts on the part of defendant.

VII. The court properly refused request of defendant to charge as follows:

1. Did Matthews purchase the lumber sued for under the following authority, from Gray and no others?

"Go to my lumber yard and get lumber and give them an order on me, and I will pay it, and deduct it from the contract."

2. Did the defendant Gray, with full knowledge of all that Matthews had done in getting said lumber, agree to pay for it before it was delivered?

The language of the court is sufficiently explanatory upon these points.

VIII. Also that there is no sufficient evidence in the case to show that Gray, with a knowledge of what Matthews had done, waived his right to have an order presented to him. This request was properly refused.

There was such evidence.

IX. The judge also properly refused to charge "that to constitute a waiver the jury must find that defendant, with a full knowledge of all the material facts, must have neglected to insist on his rights."

Whether he had knowledge of the facts or not, he must have known that an order was necessary and required to be given by Matthews, and, thus knowing, his neglect to insist upon it constituted a waiver.

X. The order of the General Term reversing the judgment and granting a new trial herein, should be reversed.

*Crooke, Bergen & Pratt,* for the respondent.

I. The evidence is clear and explicit, and there is no contradiction, that the only authority that Matthews had to purchase the lumber was in the following words: "You go to any lumber yard, and get the lumber, and give them an order on me, and I will pay for it and deduct it from the contract."

Now this special authority contains a condition precedent to the payment by Gray — which was that Matthews should give an order on him for the amount and he would pay the order — and it is well settled that in case of a special agency to do a particular thing, the terms of that authority must be strictly followed or the principal is not liable. (Story on Agency, 6th ed., pp. 139, 140, §§ 73, 127, 129, 131, 132. See, also, *Fenn* v. *Harrison*, 3 T. R. 757, 762; 4 id. 177; Livermore on Agency, 103, 104, 111, 113, ed. of 1818; Paley on Agency, by Lloyd, pp. 167, 199, 205, 207, 208; 3 Kent Com. lec. 41, pp. 620, 621, 4th ed.; 15 East, 38; *Gibson* v. *Colt*, 7 Johns. 390; *Munn* v. *Commission Co.*, 15 id. 44–54; *Rossiter* v. *Rossiter*, 8 Wend. 494; *Tradesmens' Bank* v. *Astor*, 11 id. 87; *Blot* v. *Boicau*, 3 N. Y. 78; *Marfield* v. *Goodhue*, id. 62.)

II. There is no pretense of a general agency in this case, or that the defendant ever held Matthews out to any one as his agent, or gave any one reason to suppose he was his agent for any purpose—and the case is squarely within the authorities above cited.

III. It is not the case of dealing with a known factor.

The plaintiffs had no right to suppose that Matthews had any authority from defendant, and they were bound, before trusting him, to make inquiry and see what his authority was. This they did not do; and, in the words of Judge STORY: "In such a case, no general authority is presumed, and he who deals with such an agent, deals with him at his own peril; for in such case the principal has not held the agent out as a general agent." (See Story on Agency, above cited, § 131, and cases cited under last point; id. § 133, p. 142; *Rossiter* v. *Rossiter*, 8 Wend. 494; *White* v. *Skinner*, 13 Johns. 307.)

IV. There is no sufficient evidence of a ratification by Gray, with a knowledge of all the facts. There is no evidence that Gray had any notice that Matthews had purchased the lumber for him at the time the bill was presented, or at any other time; on the contrary, there is evidence that Gray expressly repudiated any liability, and told the plaintiffs and

their agent that Matthews was the man, and they must look to him.

It is well settled that a ratification by Gray, without a full knowledge of all the material facts, would not bind him. (Story on Agency, p. 275, 6th ed. § 295, and cases there cited; *Nixon* v. *Palmer*, 4 Seld. 401; 31 Barb. 198; *Hays* v. *Stone*, 7 Hill, 128; 2 Story Eq. Juris. 1,097; *Brass* v. *Worth*, 40 Barb. 654.)

V. There is no knowledge brought home to Gray by the testimony in this case, and no pretense of any evidence of knowledge. Any subsequent promise by Gray to pay for the goods, if there was such promise, was without consideration and void, and was also void by the statute of frauds.

VI. The plaintiff should have been nonsuited.

VII. The jury should have been directed to find for defendant.

VIII. The order of General Term, appealed from, should be affirmed, and judgment absolute ordered for defendant, according to stipulation.

DWIGHT, J. It was considered, in the opinion pronounced at the General Term, that the motion for a nonsuit was properly denied for the reason that there was evidence tending to show that Matthews had authority to get the lumber on the defendant's credit; but it was said that the subsequent evidence presented a different aspect of the case, viz., that the direction, given by the defendant to Matthews, was to go to a lumber yard and buy the lumber for himself, giving an order on the defendant to pay for it. Assuming this to be the true aspect of the case, and that Matthews had, therefore, no authority to buy the lumber on the defendant's credit, it was held, that the court below erred in refusing to charge in both respects, as requested by the defendant; and the judgment was reversed on that ground. I think the reversal was error. It cannot be claimed that the evidence on the part of the defendant was conclusive, on the question of the authority given to Matthews. Whatever evidence there was in the case, at the time of the motion for a nonsuit, tending to

show that Matthews had authority to buy on the defendant's credit, remained in the case at the time of the request to charge, and though it had been contradicted by the defendant, it was plainly a question for the jury, which statement was the true one, and what Matthews' authority really was. It would, therefore, have been error for the court to charge in accordance with any request which assumed either of the aspects of the case to be the correct one.

But even if the evidence had been conclusive, that Matthews' only authority was to buy on his own credit, giving an order on the defendant in payment of his debt, yet if he did in contravention or excess of his authority, or without any authority at all, buy for the defendant, and on his credit, it was possible for the defendant afterward to ratify such unauthorized act, and to bind himself, though he was not bound by the act of Matthews. And it seems to me that there was evidence in this case amply sufficient, if believed, to warrant the jury in finding such a ratification. · In the first place, it appears, without dispute, that Matthews did buy the lumber on the credit of the defendant, and that the plaintiffs, trusting to that credit, delivered the lumber on the defendant's premises. We have then the testimony of the carman, who drew the lumber, that at the time of delivering it, he presented a bill of it to the defendant, made out in items, charged to the defendant "per Matthews," and that the defendant, after looking at the bill, the lumber itself being in sight, promised to pay it.

. If such were the facts, the ratification of Matthews' act of agency was complete, and the liability of the defendant was fixed. The ratification was with full knowledge of all the facts. The defendant knew that Matthews had ordered the lumber; that he had ordered it on his, the defendant's, credit, and that it had been charged to him and delivered to him there, upon his premises. He had before him a bill of items of the purchase, and the lumber itself was present for his inspection. Matthews corroborated the carman as to the presentation of the bill to the defendant, and a salesman of the plaintiffs testified, that, a short time afterward, he again

presented the same bill to the defendant, and he again promised to pay it. With this evidence in the case, which, though contradicted by the defendant, the jury had a right to believe, it would have been manifest error for the court to charge as requested, that, if the defendant was not liable for the lumber at the time of its delivery, there was nothing in what subsequently occurred to make him liable, and equally error to charge, that the defendant's acts and declarations were no waiver of his right to insist upon having an order from Matthews for the payment of the bill. I think the whole case was properly submitted to the jury, first, to say what Matthews' authority was, and, second, even if he had acted in contravention or excess of his authority, whether the defendant had not subsequently ratified his act, and made himself liable for the debt.

If these views are correct, the judgment and order of the General Term should be reversed, and the judgment of the court below affirmed.

GROVER, J. The motion to dismiss the complaint was properly denied. Evidence had been given by the plaintiffs, tending to show that Matthews purchased the lumber of them in the name of and upon the credit of the defendant; that a bill was made of it against the defendant, and delivered by the plaintiffs to their cartman to present to the defendant at the time he delivered the lumber; that the cartman unloaded the lumber upon the sidewalk upon de-defendant's premises; that he then presented the bill to the defendant, who said, "Matty (Matthews) pays this;" to which the cartman replied, "He says you pay it," and was going to take back the bill, when the defendant said, "Never mind, I will see that Mr. Watson gets his money," and retained the bill. This was evidence proper to be submitted to the jury, for them to determine whether the defendant had not given to Matthews authority to purchase the lumber for him, upon his credit, or that, knowing he had so purchased it of the plaintiff, of a ratification of such purchase.

Various exceptions were taken by the defendant's counsel

to the charge of the judge.  To understand these exceptions, it is necessary to consider them in reference to the evidence. From that, it appeared that Matthews had made a contract with defendant to find the materials and do a job of carpenter work upon a building for defendant; that Matthews informed defendant that he could not procure the lumber; that defendant gave him his address, and told him he could upon that buy lumber at any yard; to go and buy it, and draw an order on him for the price, and he would pay it, and apply the amount upon the contract.  The court, among other things, charged the jury that if Matthews, under this authority, had drawn an order upon the defendant, for the price of the lumber purchased of plaintiff, and delivered the same to the plaintiff, and he presented it to defendant in a proper time, the plaintiff could have recovered of defendant in case he refused to accept and pay the order.  To this part of the charge, the counsel for the defendant excepted.  It would appear that this was wholly immaterial, inasmuch as no such order was ever drawn or presented; but it became material in consequence of the further charge in relation to a waiver of the order by defendant.  The correctness of the former portion of the charge depends upon the construction of the authority given by defendant to Matthews.  If by that, is to be understood that the defendant promised Matthews that if he bought lumber for himself, upon his own credit, and drew upon the defendant for his debt so contracted, he, the defendant, would pay the draft, the charge is erroneous. The defendant would not be liable upon his verbal promise to accept and pay, and the plaintiff could maintain no action against him upon his refusal.  But if it constituted Matthews the agent of the defendant to buy lumber upon his credit, he undertaking to pay therefor, upon being presented with the order of Matthews, drawn upon him therefor, the charge was correct.  It was the promise of the defendant to pay his own debt in this particular, and was binding upon the defendant. The facts and circumstances satisfy me that the latter was the true intention of the parties.  Matthews told the defendant he could not procure the lumber.  That was equivalent

to saying that he had no means to pay, and no credit; whereupon the authority was given. If this authority did not enable Matthews to pledge the credit of the defendant for the lumber, it would not in any way facilitate his getting it, and would have been substantially useless. It was important for the defendant to have the order, as that would be a voucher, showing his payment to Matthews upon the contract.

The court charged that the defendant might waive the order. The defendant's counsel requested the court to charge that there was no evidence of such waiver. The court refused so to charge, and submitted to the jury as a question of fact, whether he had waived it. If the construction I have put upon the contract is correct, this part of the charge is so also. By that, this was the debt of the defendant, which he had undertaken to pay upon being presented with the order, and it is obvious that he had the right to waive this, and his promise, upon being presented with the bill by the plaintiff's cartman, to see it paid, as testified by the cartman, was evidence of such waiver. The same reasoning furnishes an answer to the exception taken to the refusal of the judge to charge, that, unless the waiver of the order was made before the delivery of the lumber, it was void. This exception is based upon the idea that the lumber was purchased by Matthews upon his credit, and the debt therefore his, and that consequently any undertaking by the defendant to pay it is within the statute of frauds. In the view I take, the debt was the defendant's, and there was no liability against him (Matthews) except to give the order if requested, that the plaintiff could enforce.

The judgment of the Supreme Court should be reversed, and that of City Court of Brooklyn affirmed.

So affirmed.